## FULLER and others vs. MAY.

In an action by P. against B. it was adjudged, in November, 1858, that B. should execute and deliver to P. a contract for the purchase of certain premises, in all respects similar to a schedule attached to the complaint therein, with a certain proviso to be therein incorporated.    By the *original* contract, as set forth in said schedule, B. was to pay P. $16,560 in twenty-four equal quarter-yearly installments of $690 each, commencing July 1, 1858, with interest at seven per cent. annually from that date on all sums unpaid and not past due, and at twelve per cent. on all sums unpaid and past due, said payments to be made according to twenty-four promissory notes of even date with said contract, running from B. to P., and being intended to apply, when completed, as the purchase money of certain premises in said contract described; and upon full payment thereof P. was to convey said premises to B.  Each of the notes was for a sum made up of the quarterly installment, and the interest falling due at the maturity of such note, the notes not drawing interest until after due, and then at twelve per cent.    The proviso adjudged to be incorporated in the contract was, that on or before the first of March, 1859, B. should pay to P. the first note "and interest thereon according to the terms of the contract, being the installment due on the 1st of July, 1858;" that on the 1st of July 1859, B. should pay "the note or installment due on the 1st of October, 1858, and interest thereon according to the terms of said contract; and that thereafter he pay said notes or installments quarterly, according to the provisions of said contract." After the execution of the modified contract, in accordance with the decree, B. sold his interest in the premises under it to M., who also entered into a contract to pay B. $1200 if said judgment, according to its true intent, set forward the payment of each quarterly installment nine months *without interest*.    This con-

Fuller et al. vs. May.

tract of M. was assigned to the plaintiff. In an action thereon, *Held*, that under said judgment the payment of each installment was *not* set forward without interest; but the amount of each note was to bear interest at *twelve* per cent. from the time when it was to become due by the *original* contract.

*Held*, therefore, that the complaint (which showed the facts above stated), did not state a cause of action against M.

APPEAL from the Circuit Court for *Dodge* County.

This was an appeal from an order sustaining a demurrer to the complaint. The question presented will sufficiently appear from the opinion.

Of the notes running from Barnes to Powers (referred to in the opinion) the first, which became due July 1st, 1858, was for $690, the amount of a quarterly installment. All the notes payable on the 1st of October, the first of January or the 1st of April in each year, were for the several sums of $702.07½, $714.15 and $726.22 1-2, being the quarterly installments of $690 due at the respective dates with interest thereon from the first of July preceding. The note payable July 1st of each year after 1858, were for the amount of a quarterly installment together with the annual interest on the whole of the principal not previously paid.

The contract between the defendant and Barnes, on which this action was founded, was as follows : " It is understood and agreed on the part of said Barnes, that there is no more due on said contract [between Barnes and Powers] than * * by the terms of said contract there appeared to be due on the 1st of July, 1858; and he further agrees that the decree of the court made in the case of *Powers v. Barnes*, set the whole contract and payments forward nine months from what otherwise the contract appears, without interest; that if such is the true intent and meaning of said contract, said *May* is to pay said Barnes the sum of $1200 * * * ; and if it shall appear that said contract calls for any more than said Barnes agrees, then that amount, when correctly ascertained, shall be deducted from the said $1200, and the balance paid over to said Barnes."

*N. S. Murphy*, for appellants.

*L. B. Caswell*, for respondent.

*By the Court*, DOWNER, J.    The plaintiffs below, appellants here, set forth in their complaint that the circuit court for the county of Jefferson, on the 27th day of November, 1858, in a certain case wherein Joseph Powers was plaintiff and Charles R. Barnes defendant, adjudged that said Barnes should execute and deliver to said Powers a contract for certain mill property in all respects similar to schedule B attached to the complaint, except that said judgment so modified said contract as to extend the time of payment of the respective installments nine months each.    Copies of the judgment, finding of the court, and contract without the modification, are attached to the complaint and made part thereof.    The complaint avers that Barnes executed the contract with Powers, and, about the 21st of February, 1859, sold and assigned it to the defendant; that on the same day the defendant and Barnes made another contract, in and by which the defendant agreed to pay Barnes twelve hundred dollars, if the judgment in the case of *Powers v. Barnes*, according to its true intent and meaning, set forward the whole mill contract and payments nine months *without interest*.    The plaintiffs are the assignees of this last mentioned contract, and demanded in this action the payment of the $1200.    The question presented for the consideration of the court is, whether the judgment did extend the time of the payment of the installments called for by the mill contract nine months *without interest?*    And if not, what rate of interest did they draw during the nine months extension?

The contract is for the payment of $16,575 according to twenty-four promissory notes bearing even date with said contract, with interest from July 1, 1858, on all sums unpaid and not past due, of seven per cent., and on all sums unpaid and past due, twelve per cent.    The notes were made payable the first day of July and October, 1858, and the first days of Jan-

uary, April, July and October, 1859, 1860, 1861, 1862 and 1863, and the first days of January and April, 1864, and were each for a sum made up of the principal and interest falling due at the maturity of the note ; the notes not drawing interest till after due, and after due twelve per cent. interest on the sums in the notes respectively specified. The judgment of the Jefferson circuit court directed this contract to be executed " with a proviso to be therein incorporated, that after the payment of the first quarterly installment, which became due on the first day of July, 1858, that the next quarterly payment shall become due and payable on the first day of July, 1859 , and the residue of said payments in their order on the first days of each and every quarter thereafter according to the terms of said contract." And the court further adjudges " that on or before the first day of March next (1859), the defendant pay to the plaintiff the note and interest thereon according to the terms of said contract, being the installment due thereon the first day of July, 1858 ; that on the first day of July next he pay to the plaintiff the note or installment due on the first day of October, 1858, and interest thereon according to the terms of said contract ; and that thereafter he pay said notes and installments quarterly according to the provisions of said contract." It can hardly be seriously contended that this judgment extended the payment of the installments *without interest*, when they were to be paid according to the provisions of the contract, which expressly provided that on all sums unpaid and not past due, seven per cent. interest should be paid, and on all sums unpaid and past due twelve per cent. interest should be paid. There was obviously not nine months extension *without interest*. But the more difficult question is, was the rate of interest for the time of the extension *seven* or *twelve* per cent. ? In the case of *Powers v. Barnes* the court found that Barnes went into the possession of the mill property under a parol contract, in all respects the same as the one directed to be executed, *without the modification or extension ;* that he re-

fused to execute the contract when it was drawn up and presented to him ; that he refused to make the first payment then past due; and that he had made large and valuable improvements upon the premises. It is obvious then that the extension was granted at the solicitation of Barnes, not by reason of any mistake in the contract or of any default or act on the part of Powers, but to prevent a forfeiture of the rights of Barnes and the loss to him of his improvements. If the circuit court, in rendering this judgment, not only extended the time of payment nine months, but also reduced the rate of interest at the instance of Barnes, who was in default and had refused to execute the contract, from that fixed by the agreement of the parties, it did an act which cannot be reconciled with any principles known to a court of equity. Its judgment ought not so to be construed, unless no other construction can reasonably be given. In our opinion, the judgment does make no other alteration in the terms of the contract which the court found the parties had made, than to extend the time of the payments nine months, with interest according to the terms of the notes and contract *unmodified.* The word "contract" used in the judgment relates to or means sometimes the *unmodified*, and sometimes the *modified* contract. The judgment directs " that the defendant, on or before the first of March next, pay to the plaintiff the note and interest thereon, according to the terms of said contract, being the installment due thereon on the first day of July, 1858." It is obvious the word "contract" as used here means the contract unmodified by the action of the court; for the note mentioned drew no interest by its terms till due, to wit, July 1, 1858, and after that twelve per cent. interest till paid. The notes and contract are to be construed together as one instrument. The interest, therefore, directed to be paid on this note during the time of the extension, is twelve per cent. The same is true of all the other notes and installments. If then the notes drew twelve per cent. interest for the time of the extension, the interest on the whole sum during that time

would be more than $1200, the sum demanded by the complaint. The demurrer to the complaint was therefore rightly sustained.

The order of the court below is affirmed, with costs.